# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DOUG ARNOLD, Administrator, and DAVE DRAHEIM and CAROL JOHNSON, Union Committee Members/Trustees of Cryovac Bargaining Unit Employees Insurance Trust, | |
| Plaintiffs, | No. 13-CV-10-LRR |
| vs. | **ORDER** |
| FARMERS STATE BANK, as holder of the Corpus of the Cryovac Bargaining Unit Employees Trust, | |
| Defendant. | |

_____

The matter before the court is a motion for summary judgment (docket no. 8). Doug Arnold, Dave Draheim and Carol Johnson (collectively, "the plaintiffs") filed such motion on April 23, 2013. Farmers State Bank does not resist the plaintiffs' motion for summary judgment (docket no. 9).

In their motion for summary judgment, the plaintiffs request a judicial settlement of the Cryovac Bargaining Unit Employees Insurance Trust ("Trust"), which was created pursuant to the collective bargaining agreement between Teamsters Union Local 238 of the International Brotherhood of Teamsters ("'Local Union 238") and Cryovac Inc. ("Cryovac"). The plaintiffs also request that the court appoint a receiver to: (1) take control of the assets of the Trust; (2) develop a plan for the utilization of the assets of the Trust for the exclusive benefit of the eligible participants of the Trust; (3) pay the necessary legal, accounting, banking and other expenses necessary to develop and

administer the plan; (4) provide for the orderly dissolution and termination of the Trust after the assets of the Trust have been applied for the health benefits for eligible participants of the Trust; and (5) provide other relief in the event that the court concludes it is in the best interests of the eligible participants. Lastly, the plaintiffs request that the court authorize Farmers State Bank to pay from the trust accounting, legal and other expenses that are incurred by Farmers State Bank relating to its duties concerning the termination of the Trust.

On July 23, 2013, the court directed the plaintiffs to supplement the record by filing the complete collective bargaining agreement (docket no. 10). On July 24, 2013, the plaintiffs complied with the court's directive (docket no. 11). In response to the court's order setting a hearing and stating its concerns relating to subject matter jurisdiction, the plaintiffs filed a supplemental brief (docket no. 14). Farmers State Bank also filed a supplemental brief (docket no. 15). On July 30, 2013, the court held a hearing on the motion for summary judgment (docket no. 16). Consistent with the course that the court charted so as to alleviate its concerns, the plaintiffs filed additional affidavits, including an affidavit from Sealed Air Corporation, which was formerly Cryovac (docket nos. 17 & 18).

Prior to 2009, Cryovac operated a manufacturing facility located in Linn County, Iowa. On August 30, 1990, Cryovac, Local Union 238 and Farmers State Bank entered into a trust agreement ("Trust Agreement"), which created the Trust. The Trust Agreement appointed a Farmers State Bank trustee ("FSB Trustee") to receive, manage and distribute monies for health and welfare benefits of Cryovac employees. The Trust Agreement directs the FSB Trustee to "from time to time[,] on the written directions of the Committee[,] make payments out of the trust fund to such persons, including the [FSB Trustee], in such amounts and for such purposes as may be specified in the written directions." Trust Agreement (docket no. 15-1) at 2. Pursuant to 29 U.S.C. § 1886(a),

2

the Committee was composed of two Cryovac representatives ("Cryovac Committeemen") and two Local Union 238 representatives ("Union Committeemen"). In 2009, Cryovac began terminating its operations in Linn County, Iowa. On April 25, 2010, the collective bargaining agreement between Cryovac and Local Union 238 expired. On or about May 6, 2010, Cryovac directed the Cryovac Committeemen to terminate their involvement in the Committee. On May 1, 2011, Cryovac ceased making contributions to the Trust. Neither Cryovac nor its representatives are involved in the management of the Trust or express any interest in the Trust.

Pursuant to the Trust Agreement, the FSB Trustee cannot make payments from the Trust without written directions from the Committee. Because of the discontinued involvement of the Cryovac Committeemen, the Committee cannot lawfully function to direct the FSB Trustee. *See* 29 U.S.C. 186(c)(5)(B) (requiring that "employees and employers [be] equally represented in the administration" of an employee benefit plan fund, such as the Trust). For this reason, the funds in the Trust remain stagnant and cannot be distributed to the eligible beneficiaries.

In light of the record, the court shall grant the plaintiffs' motion for summary judgment. Consistent with the parties' request, the court shall also appoint a receiver. Based on the parties' recommendation, the court shall appoint James Gallery as the receiver of the Trust.

**IT IS THEREFORE ORDERED:**
1) The plaintiffs' motion for summary judgment (docket no. 8) is granted.
2) James Gallery is appointed as the receiver of the Trust. He is directed to: (1) take control of the assets of the Trust; (2) develop a plan for the utilization of the assets of the Trust for the exclusive benefit of the eligible participants of the Trust; (3) pay the necessary legal, accounting, banking

and other expenses necessary to develop and administer the plan; (4) provide for the orderly dissolution and termination of the Trust after the assets of the Trust have been applied for the health benefits for eligible participants of the Trust; and (5) provide other relief in the event that the court concludes it is in the best interests of the eligible participants.

3) Farmers State Bank is authorized to pay from the trust accounting, legal and other expenses that are incurred by Farmers State Bank relating to its duties concerning the termination of the Trust.

4) The clerk's office is directed to enter judgment in favor of the plaintiffs.

**DATED** this 7th day of October, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA